**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2347-14T1

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

MOISES PERALES,

    Defendant-Appellant.

_____

Submitted January 18, 2017 — Decided  July 18, 2017

Before Judges Koblitz and Sumners.

On appeal from Superior Court of New Jersey, Law Division, Passaic County, Indictment No. 12-12-0929.

Joseph E. Krakora, Public Defender, attorney for appellant (Brian P. Keenan, Assistant Deputy Public Defender, of counsel and on the brief).

Camelia M. Valdes, Passaic County Prosecutor, attorney for respondent (Tom Dominic Osadnik, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Moises Perales appeals his conviction for third-degree unlawful possession of a weapon, a BB gun, N.J.S.A. 2C:39-

5(b).  He pled guilty to the offense following the trial court's denial of his motion to suppress evidence.  On appeal, defendant contends:

> POINT I
> THE MOTION JUDGE ERRED IN DENYING DEFENDANT'S MOTION TO SUPRESS THE BB GUN, PEPPER SPRAY, BATON, AND HANDCUFFS BECAUSE THE OFFICERS' TESTIMONY, OFFERED TO ESTABLISH THAT THE ITEMS WERE SEIZED PURSUANT TO THE PLAIN VIEW EXCEPTION TO THE WARRANT REQUIREMENT, LACKED CREDIBLITY.

Having considered the record and applicable law, we affirm.

We discern the following relevant facts from the suppression hearing.  As the search in question was warrantless, the State sought to meet its burden to show the search was legal through the testimony of Clifton Police Officers Gene Vincent Hayes and Nick Hriczov.  See State v. Pineiro, 181 N.J. 13, 19 (2004).  Defendant testified on his own behalf.

On July 27, 2012, at approximately 3:30 a.m., Hayes and Hriczov were on patrol in an unmarked police vehicle, with Hriczov driving, when they heard loud music coming from defendant's vehicle.  After they activated their emergency lights and siren, they pulled over defendant's vehicle in a well-lit area with commercial businesses.  The officers were dressed in plain clothes but were wearing police badges around their necks.  Hayes testified that he approached the passenger's side of defendant's vehicle,

and noticed a police duty belt in the vehicle's back seat containing a canister of chemical spray, handcuffs, a baton, and a black pistol in a holster. After asking defendant where he was coming from and why he had the duty belt, Hayes stated that defendant reached for the duty belt. Concerned about his and his partner's safety, Hayes reached through the open passenger's window and grabbed the duty belt before defendant could do so. He then found out the pistol was a loaded BB gun. Defendant was placed under arrest and charged with third-degree unlawful possession of a weapon, as well as various other charges.[1]

Hirczov's testimony was consistent with Hayes's account. Hriczov stated that he went to the driver's side of defendant's vehicle and asked defendant for his driving credentials. He also noticed the duty belt in the back seat. According to Hriczov, when defendant reached for the duty belt, he directed defendant to place his hands on the steering wheel as Hayes secured the duty belt. Hirczov stated that he did not initially shout a warning

---

[1] Defendant was also indicted for two counts of fourth-degree possession of a weapon, N.J.S.A 2C:39-5(d), and second-degree certain persons not to have weapons, N.J.S.A. 2C:39-7(b). In addition, he was charged with a disorderly persons offense for possession of handcuffs, N.J.S.A. 22C:39-3(k), and issued summonses for driving while his license was suspended, N.J.S.A. 39:9-40, and a municipal ordinance violation for playing loud music.

about the duty belt to his partner because he did not initially see a gun in the belt, and defendant was wearing a police type uniform - blue polo shirt with a gold badge and blue yellow striped pants uniform. It was later revealed that defendant was a security officer.

Defendant gave contrary testimony. He stated that Hayes did not approach his vehicle until five minutes after Hriczov had asked for his credentials. Defendant denied the duty belt was in his vehicle's back seat. He testified that after he told the officers his driver's license was suspended, he complied with Hayes' request for the key to search the vehicle's trunk. He stated Hayes found the duty belt in trunk, which contained mace spray, a baton, and handcuffs. Defendant admitted that the BB gun was in the trunk, but not in the duty belt.

After the one-day suppression hearing, Judge Donna Gallucio reserved decision. On January 6, 2014, the judge issued an oral decision denying defendant's motion to suppress.[2] In doing so, she found the police officers' testimony credible. Taking into consideration defendant's two prior convictions in 2006 and 2008 for eluding the police and terroristic threats, respectively,

---

[2] According to the transcript of Judge Gallucio's decision, the State was to submit a form of order to be executed by the judge. However, the record does not include the order memorializing the denial of the motion to suppress.

solely for the purposes of assessing his credibility, the judge did not believe defendant's testimony. Citing to <u>Delaware v. Prouse</u>, 440 <u>U.S.</u> 648, 99 <u>S. Ct.</u> 1391, 59 <u>L. Ed.</u> 2d 660 (1979), Judge Gallucio found that the officers had probable cause to stop defendant's vehicle for an alleged noise violation of a municipal ordinance. She noted that defendant did not deny that he was playing loud music. The judge determined that once the officers stopped defendant and asked him for his driving credentials, they had the right to seize the duty belt containing the loaded BB gun, chemical spray, handcuffs and baton, under the plain view exception recognized in <u>Coolidge v. Hampshire</u>, 403 <u>U.S.</u> 443, 91 <u>S. Ct.</u> 2022, 29 <u>L. Ed.</u> 2d 564 (1971), and <u>State v. Bruzzese</u>, 94 <u>N.J.</u> 210 (1983).

Defendant subsequently pled guilty to third-degree unlawful possession of a BB gun, and was sentenced to a four-year prison term. This appeal ensued.

Before us, defendant contends that the police officers' testimony was not credible, and his account of his interaction with them was accurate. In his version, the duty belt and BB gun were in the trunk, thus the plain view exception to obtaining a warrant did not apply. Furthermore, having no articulable suspicion to ask defendant to search his trunk, there was no valid consent search under <u>State v. Frankel</u>, 179 <u>N.J.</u> 586, 598, <u>cert.</u>

denied, 543 U.S. 876, 125 S. Ct. 108, 160 L. Ed. 2d 128 (2004). We are unpersuaded.

We begin by noting our standard of review. It is well understood that when considering a trial court's ruling on a motion to suppress evidence, "[w]e conduct [our] review with substantial deference to the trial court's factual findings, which we 'must uphold . . . so long as those findings are supported by sufficient credible evidence in the record.'" State v. Hinton, 216 N.J. 211, 228 (2013) (quoting State v. Handy, 206 N.J. 39, 44 (2011)). "Those findings warrant particular deference when they are 'substantially influenced by [the motion judge's] opportunity to hear and see the witnesses and to have the 'feel' of the case, which a reviewing court cannot enjoy.'" State v. Rockford, 213 N.J. 424, 440 (2013) (alteration in original) (quoting State v. Robinson, 200 N.J. 1, 15 (2009)). We review de novo the trial court's determinations of law, State v. Mann, 203 N.J. 328, 337 (2010) (citation omitted), as well as the application of legal principles to factual findings. State v. Harris, 181 N.J. 391, 416 (2004) (citing State v. Marshall, 148 N.J. 89, 185, cert. denied, 522 U.S. 850, 118 S. Ct. 140, 139 L. Ed. 2d 88 (1997)), cert. denied, 545 U.S. 1145, 125 S. Ct. 2973, 162 L. Ed. 2d 898 (2005).

In accordance with the Fourth Amendment to the United States Constitution and Article 1, paragraph 7 of the New Jersey Constitution, "police officers must obtain a warrant . . . before searching a person's property, unless the search 'falls within one of the recognized exceptions to the warrant requirement.'" State v. DeLuca, 168 N.J. 626, 631 (2001) (quoting State v. Cooke, 163 N.J. 657, 664 (2000)).

One such exception to the warrant requirement is the plain view doctrine, which allows law enforcement to seize contraband without a warrant. For the plain view exception to apply, the State must prove that,

> (1) the officer was "lawfully in the viewing area," (2) the officer discovered the evidence "'inadvertently,' meaning that he did not know in advance where the evidence was located nor intend beforehand to seize it," and (3) it was "immediately apparent" that the items "were evidence of a crime, contraband, or otherwise subject to seizure."
>
> [State v. Earls, 214 N.J. 564, 592 (2013) (quoting Mann, supra, 203 N.J. at 341).][3]

---

[3] In State v. Gonzales, 227 N.J. 77, 82 (2016), our Supreme Court held prospectively "that an inadvertent discovery of contraband or evidence of a crime is no longer a predicate for a plain view seizure." This suppression motion pre-dated Gonzales, and therefore the element must be satisfied in this case.

Our court has held that there is no reasonable expectation of privacy in those areas of a vehicle viewable through the windows by a police officer located outside the vehicle. State v. Reininger, 430 N.J. Super. 517, 534 (App. Div.), certif. denied, 216 N.J. 367 (2013) (citation omitted). Thus, the seizure of suspected illegal weapons seen by illuminating the backseat of a vehicle was valid under the plain view exception to the search warrant requirement. Id. at 526, 536.

Guided by these principles, we conclude that the seizure of the BB gun, chemical spray, handcuffs, and baton was constitutional under the plain view exception. Judge Gallucio found credible Hayes' and Hriczov's testimony that they saw defendant's duty belt, containing a gun in its holster, in plain view in the back seat of defendant's vehicle after defendant's vehicle was legally stopped for a noise violation. We discern no reason not to defer to her credibility findings. Thus, we conclude the motion to suppress was properly denied because there was a lawful detention of defendant's motor vehicle followed by a legal search and seizure.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2347-14T1